IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| TYLER GROGAN and TOMMY MIMS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CV 322-025 |
| | ) | |
| LUZ DIAZ; DEVIN NUCKLES; | ) | |
| VERONICA ELLIS; JPAY; and SECURUS, | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

On March 21, 2022, Plaintiffs, inmates at Telfair State Prison in Helena, Georgia, submitted a petition to the Clerk of Court without submitting the appropriate filing fee or a requests to proceed IFP. (Doc. no. 1.) The Clerk opened the case and issued deficiency notices the same day, concerning the need for IFP motions or payment of the filing fee, as is required by Local Rule 4.1. (See doc. nos. 2, 3.) The notices explained failure to correct the deficiency could result in dismissal. (See id.) Plaintiff Grogan responded by filing a motion to voluntarily dismiss the case, (doc. no. 5), while Plaintiff Mims refused the mail containing the Clerk's deficiency notice, (doc. no. 4). As no Defendant has filed an answer or a motion for summary judgment, according to Fed. R. Civ. P. 41(a)(1)(A)(i), Plaintiff Grogan may dismiss his case without an Order from the Court. Therefore, the Court recommends Plaintiff Grogan's motion be **GRANTED**. (Doc. no. 5.)

Regarding Plaintiff Mims, a district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Equity Lifestyle Props., Inc. v. Fla.

Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v. Ala. Dep't of Human Res., 298 F. App'x 862, 863 (11th Cir. 2008) (*per curiam*) ("District courts possess the ability to dismiss a case . . . for want of prosecution based on two possible sources of authority:  Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets."). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] [w]illful disobedience or neglect of any order of the Court; or [a]ny other failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1 (b) & (c).

Plaintiff Mims failed to comply with the requirements of the Local Rules when he did not submit a motion to proceed IFP or pay the filing fee, and when given the opportunity to submit the appropriate paperwork, he refused the Clerk's deficiency notice. Plaintiff Mim's failure to comply with the requirements of the Local Rules, and his failure to respond to the Clerk's deficiency notices, amounts not only to a failure to prosecute, but also an abandonment of his case. Accordingly, the Court **REPORTS** and **RECOMMENDS** that Plaintiff Grogan's motion to voluntarily dismiss the case be **GRANTED,** this case be **DISMISSED** without prejudice, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 15th day of April, 2022, at Augusta, Georgia.

*/s/ Brian K. Epps*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA